# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN ANDREW SMILEY,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 06-cv-431-JPG** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 04-cr-40006** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

　　This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Pursuant to a plea agreement, Petitioner pleaded guilty to several counts involving the manufacture of methamphetamine. On July 21, 2005, he was sentenced to 240 months imprisonment, 10 years supervised release, a fine of $400, and a special assessment of $200. He did not file a direct appeal; on June 5, 2006, Petitioner filed the instant motion under § 2255.

　　In his motion the Petitioner claims that counsel was ineffective in failing to seek suppression of the evidence. Because counsel failed to pursue that argument, counsel advised Petitioner to plead guilty. Petitioner now asserts that this advice was erroneous, constituting ineffective assistance of counsel. Petitioner also argues that counsel was ineffective in failing to challenge certain aspects of his sentence. Finally, Petitioner claims that counsel was ineffective in failing to file a notice of appeal as Petitioner requested.

　　Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and

to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court, the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

Plea agreement at ¶ III, 2 (Doc. 97, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

In this case, Petitioner argues that his plea agreement, and therefore the included waiver

provision, was not knowing and voluntary, as it was based upon unsound advice derived from counsel's ineffective performance.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record. In its response, the Government shall first address whether the plea agreement is enforceable. Assuming the Court finds that it is not enforceable, the Government shall also address each specific ground raised in the § 2255 motion.

**IT IS SO ORDERED.**

**Dated: August 23, 2006.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**